UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

TANYA PADGET,

                Plaintiff,     :    ORDER

                -against-     :    15-cv-03358 (GBD) (JCF)

CAROLYN W. COLVIN, COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

------------------------------------ x

GEORGE B. DANIELS, District Judge:

[stamp: USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: MAR 09 2016]

    Plaintiff Tanya Padgett[1] brought this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security that Plaintiff is not entitled to Supplemental Security Income benefits. (Complaint, (ECF No. 1).) This Court referred the case to Magistrate Judge Francis. (Order Referring Case to Magistrate Judge, (ECF No. 5).)

    The Commissioner then filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which Plaintiff did not oppose. (Motion for Judgment on the Pleadings, (ECF Nos. 9-10).) On February 8, 2016, Magistrate Judge Francis determined from a review of the record that it is unclear whether Plaintiff is entitled to benefits or for what period. (Report and Recommendation ("R&R"), (ECF No. 20), at 28.) Accordingly, he recommended that this Court: (1) deny the Commissioner's motion, (2) vacate the Commissioner's decision denying benefits, and (3) remand the case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings so that

---

[1] Although the Plaintiff's surname is spelled "Padget" in the caption of her Complaint, it is spelled "Padgett" throughout the administrative record, and the Plaintiff signed her name using the latter spelling.

an Administrative Law Judge can make a determination of whether Plaintiff is entitled to benefits after further development of the record. (*Id.*) The R&R stated that failure to object within fourteen days would preclude appellate review. (*Id.* at 28-29.) No objections have been filed.

Courts "may accept, reject, or modify, in whole or in part, the findings and recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Courts must review *de novo* the portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir.2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

The Court adopts the findings and recommendation set forth in the R&R. Accordingly, the Commissioner's motion is DENIED. The Commissioner's decision denying Plaintiff benefits is VACATED. The case is REMANDED for further proceedings consistent with this Order and the R&R.

The Clerk of Court is directed to close the above-captioned action.

Dated: March 9, 2016
      New York, New York

SO ORDERED.

*George B Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

2